FILED

1 | Daniel M. Shanley, (CA Bar # 169182)
Yuliya S. Mirzoyan (CA Bar #247324)
2 | DeCARLO, CONNOR & SHANLEY
A Professional Corporation
3 | 533 South Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
4 | Telephone: (213) 488-4100
Facsimile: (213) 488-4180
5
Attorneys for Cross-Defendants
6

2009 FEB 17 PM 1:30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

7

8

9             UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 | CALIFORNIA BUSINESS BUREAU, INC., a   CASE NO. SACV09-0192 CJC (RNB)
California corporation,
13                               NOTICE OF REMOVAL
               Plaintiff,
14
    vs.
15
VANESSA FLORES AND DOE 1
16 | THROUGH DOE 10, inclusive,
17               Defendants.
18
VANESSA SERRANO,
19
20          Cross-Complainant,
21     vs.
22 | SOUTHWEST CARPENTERS HEALTH
AND WELFARE TRUST; CARPENTERS
23 | SOUTHWEST ADMINISTRATIVE
CORPORATION, A California Corporation,
24 | and DOES to 100,
25         Cross-defendant.
26

27 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

28     PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Cross-

1

1    Defendant Southwest Carpenters Health and Welfare Trust hereby removes to the United States

2    District Court of r the Central District of California, the above-entitled action from the Superior

3    Court of the State of California, County of Orange

4                              **REMOVAL JURISDICTION**

5    1.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it

6    involves an alleged claim or right arising under the laws of the United States.  In support of this

7    removal, Cross-Defendant makes the following showing:

8                              **TIMELINESS OF REMOVAL**

9    2.      On November 14, 2008, Plaintiff California Business Bureau, Inc., filed a Complaint for

10    Money I the Superior Court of the State of California in the county of Orange entitled

11    "CALIFORNIA BUSINESS BUREAU INC.[,] a California Corporation[,] Plaintiff, vs.

12    VANESSA FLORES; and Doe 1 through Doe 10, Inclusive, Defendants."  A copy of this

13    "Complaint for Money" is attached hereto as Exhibit "1."

14    3.      On January 16, 2009, Defendant Vanessa Serrano, erroneously served and sued as

15    Vanessa Flores, filed an "Answer to Complaint."  A copy of this "Answer to Complaint" is

16    attached hereto as Exhibit "2."

17    4.      On January 16, 2009, concurrently with the "Answer to Complaint" referenced in

18    paragraph 3, Defendant Vanessa Serrano filed a cross-complaint against "SOUTHWEST

19    CARPENTERS HEALTH AND WELFARE TRUST; CARPENTERS SOUTHWEST

20    ADMINISTRATIVE CORPORATION, A California Corporation, and ROES 1 to 100," entitled

21    "VANESSA SERRANO'S CROSS-COMPLAINT FOR DECLARATORY RELIEF,

22    INDEMNITY AND BREACH OF CONTRACT."  A copy of this cross-complaint is attached

23    hereto as Exhibit "3."

24    5.      The first date upon which the Cross-Defendants Southwest Carpenters Health and

25    Welfare Trust and Carpenters Southwest Administrative Corporation received a copy of the

26    cross-complaint and the complaint was January 28, 2009, when Cross-Defendants were served.

27    A copy of the summons is attached hereto as "Exhibit 4."

28    6.      All process, pleadings, and orders served on Cross-Defendants in this case are attached

1   hereto as Exhibits "1," "2," "3," and "4," and are incorporated by reference as though fully set

2   forth in their entirety.

3                           **FEDERAL QUESTION JURISDICTION**

4   7.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.

5   § 1331, and is one which may be removed to this Court by Cross-Defendants pursuant to the

6   provisions of 28 U.S.C. § 1441(b) in that both of Defendant's common law causes of action,

7   arising under the laws of the State of California-Second Cause of Action (breach of written

8   health insurance contract), and First Cause of Action (for indemnification from Cross-Defendants

9   pursuant to health insurance contract) - are completely preempted by the Employees Retirement

10  Income and Support Act, 29 U.S.C. § 1001m *et seq.* All of these causes of action arise out of the

11  alleged wrongful denial of benefits and Cross-Defendant Southwest Carpenters Health and

12  Welfare Trust is an employee welfare benefit plan within the meaning of section 3(1) of ERISA,

13  29 U.S.C. § 1002(1). See Cross-Complaint, First Cause of Action, ¶ 4; Second Cause of Action,

14  ¶ 11.

15  8.      At all times material herein, Cross-Defendant Southwest Carpenters Health and Welfare

16  Trust ("SCHWT") is a multi-employer welfare benefit trust established in accordance with the

17  provisions of Section 302(c)(5) of the Labor-Manage4ment Relations Act of 1947, as amended,

18  29 U.S.C. § 186(c)(5). SCHWT is an employee welfare benefit plan within the definition of

19  Section 3(1) of ERISA, 29 U.S.C. § 1002(1). SCHWT's principal place of business is within this

20  District. Exhibit "5" is a true and correct copy of the Summary Plan Description.

21  9.      Section 514(a) of ERISA expressly preempts all state laws that "relate to" an employee

22  benefit plan. 29 U.S.C. § 1144(a). State law remedies that seek enforcement of allegedly

23  wrongful benefit claim denials have been expressly preempted. Aetna Health Inc. V. Davila. 542

24  U.S. 200, 217-18 (2004) ("Under ordinary principles of conflict pre-emption, then, even a state

25  law that can arguably be characterized as 'regulating insurance' will be pre-empted if it provides

26  a separate vehicle to assert a claim for benefits outside of, or in addition to , ERISA's remedial

27  scheme."); Blast v. Prudential Ins. Co., 150 F.3d 1003, 1007 (9th Cir. 1998)("The Supreme Court

28  has held that ERISA preempts state common law tort and contract causes of action asserting

                                          3

1   improper processing of a claim for benefits . . . "); <u>Crull v. Gem Ins. Co.</u>, 58 F.3d 1386, 1391

2   (9th Cir. 1995)(all state law claims preempted - all claims "'relate to' and 'employee welfare

3   benefit plan' because they represent attempts to recover benefits allegedly owed under the plan").

4                                                   **VENUE**

5   10.        Venue lies in the United States District Court for the Central District of California

6   pursuant to 28 U.S.C. §§ 1441(a) and 1391(b), because the original state court action was filed in

7   this District and this is the judicial district in which the action arose.

8           For the reasons stated above, this civil action is properly removed to this Court.

9

    DATED: February 16, 2009                    DeCARLO, CONNOR & SHANLEY
10                                              A Professional Corporation

11

12                                     By:      _____
13                                              Daniel M. Shanley, Esq.
                                                Attorneys for Plaintiff/Cross-Defendant
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    4

Exhibit 1

Law Offices of

Franklin J. Love #80324

125 S. Citrus Ave., Ste. 101

Covina, CA. 91723

(626) 653-0455

Attorneys for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 14 2008

ALAN CARLSON, Clerk of the Court

BY:_____ E. VELOZ _____,DEPUTY

IN THE SUPERIOR COURT OF CALIFORNIA, CENTRAL JUSTICE CENTER

ORANGE COUNTY, STATE OF CALIFORNIA

JUDGE PETER J. POLOS
DEPT. C27

CALIFORNIA BUSINESS BUREAU INC.

  a California Corporation

30-2008
00114802

                              Plaintiff, ) COMPLAINT

                    vs.                    ) FOR MONEY

VANESSA FLORES;

AND DOE 1 THROUGH DOE 10, INCLUSIVE, DEFENDANTS

DEMAND IS
$ 29,034.00

----------------------------------------------------------

     Plaintiff alleges against defendants, and each of them:

FOR A FIRST CAUSE OF ACTION

1.  That plaintiff is unaware of the true names or capacities, whether

individual, associate, corporate or otherwise, of defendants

DOE 1 through DOE 10, and therefore sues them by such fictitious names.

2. That prior to the commencement of this action and for a valuable con-

sideration, UCI MEDICAL CENTER

assigned to this plaintiff for collection all right title and interest

in and to the within claim, and that this plaintiff is now the lawful

owner and holder thereof.

3.  At all times herein mentioned, plaintiff was and now is

duly authorized to do business in the State of California.

COMPLAINT FOR MONEY
- 1 -

4. That at all times herein mentioned Plaintiff's assignor was and is now duly licensed and authorized to do business in the State of California.

5. That the within action is not subject to the provisions of C.C. 1812.10; and is not subject to the provisions of C.C. 2984.4; the defendants incurred the obligation sued upon herein in the above captioned judicial district.

6. On or about 01/17/2007, defendants became and are indebted to plaintiff's assignor on an open book account for MEDICAL SERVICES                    furnished by plaintiff's assignor at defendants' request in the sum of $ 29034.00

7. That although demand for payment of said sum has been made, defendants have failed and refused to pay said amount, and the whole thereof is now due, owing and unpaid, together with interest thereon at the rate of 10 per cent per annum from 01/17/2007

8. Plaintiff is entitled to Attorney Fees in the sum of $800.00 per Civil Code Section 1717.5.

FOR A SECOND, SEPARATE CAUSE OF ACTION, PLAINTIFF ALLEGES:

9. Repeats by reference thereto all of the paragraphs of its FIRST cause of action with like force and effect as if the same and each of them were set forth herein in full.

10. That on 01/17/2007, there was an account stated by and between plaintiff's assignor and defendants, upon which account stated in the sum of 29034.00 was agreed upon as the balance due plaintiff's assignor

FOR A THIRD, SEPARATE CAUSE OF ACTION, PLAINTIFF ALLEGES:

11. Repeats by reference thereto all of the paragraphs of its SECOND cause of action with like force and effect as if the same and each of them were set forth herein in full.

COMPLAINT FOR MONEY
- 2 -

EXHIBIT NO. _____1_____
PAGE NO. _____6_____

124. That within four years last past, and on or about 01/17/2007

defendants became indebted to plaintiff's assignor in the

sum of 29034.00, for MEDICAL SERVICES

furnished to defendants at their special instance and request

and reasonable value of same is the sum of $ 29034.00.

WHEREFORE, plaintiff prays judgment against defendants and

each of them, as follows:

FOR CAUSES OF ACTION FIRST THRU THIRD

1. For the sum of $ 29034.00 ,together with interest thereon

at the rate of 10 per cent per annum from 01/17/2007

2. For attorney's fees in sum of $800.00.

FOR ALL CAUSES OF ACTION

3. For all cost of suit herein incurred, and

4. For such other and further relief as the court may deem

just and proper.

Franklin J. Love.   BAR #80334

11/10/2008

ORIGINAL COMPLAINT VERIFIED        Attorney For Plaintiff

Franklin J. Love

COMPLAINT FOR MONEY
- 2 -

ID# 80341 code:7

EXHIBIT NO. CLIENT ID: 4249081
PAGE NO. 7

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):*

FOR COURT USE ONLY

Telephone No.:                          Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name):*                  Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

CASE NUMBER:

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
       ☐ Under section 1141.11 of the Code of Civil Procedure
       ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

☐  Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐  Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

_____

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____        _____        _____
                               (SIGNATURE OF PLAINTIFF OR ATTORNEY)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____        _____        _____
                               (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                 California Rules of Court, rule 3.221
L1270 (Rev February, 2008)

EXHIBIT NO. 1
PAGE NO. 8

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

EXHIBIT NO. ___1___
PAGE NO. ___9___

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

EXHIBIT NO. 1
PAGE NO. 10

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

EXHIBIT NO. _____ / _____
PAGE NO. _____ // _____

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Institute for Conflict Management (714) 288-5600
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198
- Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

EXHIBIT NO. 1
PAGE NO. 12

# SUPERIOR COURT OF CALIFORNIA

ORANGE COUNTY – CENTRAL JUSTICE CENTER

## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART

Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207

Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Notice to Courtroom the day before the hearing but no later than: | Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other<br>Call for available dates. |
|---|---|---|---|---|---|---|---|
| C23 | **MOSS**<br>714-834-4606 | Friday 10:00 a.m. | Daily 8:30 a.m. | Not required | 4:00 p.m. | Yes - by 4:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C8 | **MUÑOZ**<br>714-834-3700 | Wednesday 2:00 p.m. | M, T, W, Th 8:30 a.m. | 10:00 a.m. | Noon | Yes - by 4:00 p.m. the day before | |
| C64 | **MYERS**<br>714-834-4370 | Thursday Unlimited/ Omni 1:30 p.m. Limited 2:30 p.m. | M, T, W, Th 1:30 p.m. Fri 11:00 a.m.- emergency only | 4:00 p.m. | M, T, W, Th, 10:00 a.m. day of ex parte; Friday, 9:00 a.m. day of ex parte | No | |
| C4 | **NAKAMURA**<br>714-834-4752 | Thursday 9:00 a.m. Effective 02/01/08: Motions will heard heard on Thur. at 2:00 p.m. | M, T, W, Th 1:30 p.m. | 24 hours, the day before the hearing | M, T, W, Th, 10:00 a.m. day of ex parte | Yes - by 4:00 p.m. the day before | Counsel must reserve a motion date with the courtroom, prior to setting the motion. |
| C32 | **PERK**<br>714-834-2351 | Friday 11:00 a.m. | M, T, W, Th 9:00 a.m. | 4:00 p.m. | 10:00 a.m. the day of hearing | Yes - by 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT    If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing |

EXHIBIT NO. 1

PAGE NO. 13

Exhibit 2

1  Robert P. Damone, Esq. SBN: 136588
   GLASER, DAMONE & SCHROEDER
2  590 West 8th Street
   San Pedro, CA 90731
3  Telephone No.  (310) 548-1307
   Facsimile No.   (310) 548-1309
4

5
   Attorneys for Defendant, VANESSA SERRANO
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF ORANGE

10

11 CALIFORNIA BUSINESS BUREAU          )    Case No.  30-2008 00114802
   INC., a California Corporation,     )
12                                     )    ANSWER TO  COMPLAINT
                       Plaintiff,      )
13 v.                                  )
                                       )
14 VANESSA FLORES AND DOE 1 THROUGH    )    [JUDGE PETER J. POLOS DEPT.
   DOE 10, Inclusive,                  )    C27]
15                                     )
                       Defendants.     )
16                                     )
                                       )
17

18

19         COMES NOW, defendant, VANESSA SERRANO erroneously served and sued as

20 VANESSA FLORES, and answering the unverified complaint, admit, deny and allege:

21

22         1.     Under the provisions of Section 431.30(d) of the Code of Civil Procedure of the

23 State of California, this defendant denies generally and specifically each, every and all of the

24 allegations contained in said unverified Complaint, and the whole thereof, and denies that

25 Plaintiff was injured and damaged as alleged, or at all.

26

27

28                                         1
                          ANSWER TO COMPLAINT

EXHIBIT NO. __2__
PAGE NO. __14__

1  FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE DEFENDANT
2  ALLEGES:
3
4      2.    That the Complaint, and each and every cause of action contained therein, fails
5  to set forth facts sufficient to constitute a cause of action against this answering Defendant.
6
7  FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE DEFENDANT
8  ALLEGES:
9
10      3.    That the complaint and each cause of action is barred by the doctrine of unclean
11  hands.
12
13  FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE DEFENDANT
14  ALLEGES:
15
16      4.    That at all times relevant herein, defendant and/or defendants' family provided health
17  insurance information to plaintiff's assignor and plaintiff's assignor failed to properly, timely and
18  adequately bill said insurance for payment and therefore is barred from recovery.
19
20
21  FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE DEFENDANT
22  ALLEGES:
23
24      5.    Any recovery on the Complaint, and each and every cause of action contained
25  therein, is barred in whole or in part by plaintiff and/or plaintiff's insured's failure to mitigate
26  damages.
27
28

2

ANSWER TO COMPLAINT

EXHIBIT NO. 2
PAGE NO. 15

1

2

3

4

5

FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE DEFENDANT ALLEGES:

6       6.    That plaintiff's assignor acted without the informed consent and were negligent in

7   the providing of the services rendered and therefore such alleged damages should be reduced by the

8   amount of damage caused defendant.

9

10       FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE DEFENDANT

11   ALLEGES:

12

13       7.    As to each and every cause of action alleged in the Complaint herein, Defendant is

14   informed and believes and thereon alleges that the Complaint is barred by the applicable Statute of

15   Limitations.

16       FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

17   DEFENDANT ALLEGES:

18

19       8.    As to each and every cause of action alleged in the Complaint herein, Defendant is

20   informed and believes and thereon alleges that the Complaint is barred if it is determined that

21   plaintiff's assignee's failed to provide reasonable care and/or charged unreasonable fees for that

22   care.

23       FOR A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE DEFENDANT

24   ALLEGES:

25

26       9.    As to each and every cause of action alleged in the Complaint herein, Defendant is

27

28

3

ANSWER TO COMPLAINT

EXHIBIT NO. ___2___

PAGE NO. ___16___

1   informed and believes and thereon alleges that the Complaint is barred as plaintiff's assignee failed

2   to obtain the informed consent for some or all of the care plaintiff's assignee rendered.

3

4       WHEREFORE, this answering Defendants pray that the plaintiff take nothing by its

5   Complaint, and for such other and further relief as the Court may deem just and proper, including

6   costs of suit incurred herein.

7

8   Dated: 1/13/09

9

10                                          GLASER, DAMONE & SCHROEDER

11

12                                          By: _____
                                            Robert P. Damone, Attorneys for
                                            Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4
                        ANSWER TO COMPLAINT

EXHIBIT NO. 2
PAGE NO. 17

## *PROOF OF SERVICE*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 590 West 8th Street, San Pedro, California 90731.

On January 13, 2009, I served the foregoing document described as *Answer to Complaint* on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Franklin J. Love, Esq.
125 S. Citrus Ave., Suite 101
Covina, CA 91723

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal service on that same day with postage thereon fully prepaid at San Pedro, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on January 13, 2009, at San Pedro, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Robert P. Damone

EXHIBIT NO. 2
PAGE NO. 18

Exhibit 3

1   Robert P. Damone, Esq. SBN: 136588
    GLASER & DAMONE
2   400 Oceangate, Ste. 800
    Long Beach, CA 90802
3   Telephone No.  (562) 983-3130
    Facsimile No.   (562) 983-9335
4

5

6   Attorneys for Defendant and Cross Complainant, VANESSA SERRANO

7

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF ORANGE

11

12  CALIFORNIA BUSINESS BUREAU, INC. A          )   Case No. 30-200800114802
    California Corporation,                     )
13                                              )   **VANESSA SERRANO's CROSS-**
                        Plaintiff,              )   **COMPLAINT FOR**
14  v.                                          )   **DECLARATORY RELIEF,**
                                                )   **INDEMNITY AND BREACH OF**
15  VANESSA FLORES AND DOE 1 THROUGH            )   **CONTRACT**
    DOE 10,                                     )
16                                              )   (FILED CONCURRENTLY WITH
                        Defendants.             )   ANSWER TO COMPLAINT)
17  VANESSA SERRANO,                            )
                                                )   [JUDGE PETER POLOS
18               Cross-Complainant(s),          )   DEPT. C27]
                                                )
19  vs.                                         )
                                                )
20  SOUTHWEST CARPENTERS HEALTH AND             )
    WELFARE TRUST; CARPENTERS                   )
21  SOUTHWEST ADMINISTRATIVE                    )
    CORPORATION, A California Corporation, and  )
22  ROES 1 to 100,                              )
                                                )
23               Cross-Defendants.              )
                                                )
24

25

26

27                              1

28  **VANESSA SERRANO'S CROSS-COMPLAINT FOR DECLARATORY RELIEF, DECLARATORY**
        **RELIEF, INDEMNITY AND BREACH OF CONTRACT**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 1 6 2009

ALAN CARLSON, Clerk of the Court

BY:   E. VELOZ   ,DEPUTY

1          COMES NOW, Cross-Complainant, VANESSA SERRANO and for causes of action

2     against the cross defendants, and each of them, complains and alleges as follows:

3

4          1.      That the true names or capacities, whether individual, corporate, associate or

5     otherwise, of cross defendants ROES 1-50 are unknown to cross-complainants, who therefore

6     sues said cross-defendants by such fictitious names, and will amend this cross-complaint to show

7     their true names and capacities when same have been ascertained; cross-complainants are

8     informed and believe, and therefore allege that each of the cross-defendants, their agents and

9     employees, designated herein as a ROE, is legally responsible in some manner for the events and

10    happenings herein referred.

11

12         2.      That at all times herein mentioned the cross defendants, and each of them, were

13    the agents, servants and employees of all other cross defendants and were acting within the

14    course and scope of such agency and employment, and with the permission and consent of the

15    other cross-defendants; that the cross-complainant is informed and believes that each of the

16    cross-defendants was and is a resident of the County of Los Angeles, State of California, and/or

17    doing business in and existing under and by virtue of the laws of said State.

18

19         3.      That the plaintiff filed the complaint herein against cross-complainant seeking

20    damages which plaintiff allegedly sustained as a result of alleged medical treatment received by

21    cross-complainant.  That at the time of said treatment on or about December 22, 2006, cross-

22    complainant was a beneficiary under a health insurance policy issued by cross defendants

23    SOUTHWEST CARPENTERS HEALTH AND WELFARE TRUST and ROES 1 to 50 and

24    administered by defendant CARPENTERS SOUTHWEST ADMINISTRATIVE

25    CORPORATION, A California Corporation, and ROES 51 to 100 to Javier Flores policy no.

26

27                                            2

28    VANESSA SERRANO'S CROSS-COMPLAINT FOR DECLARATORY RELIEF, DECLARATORY
      RELIEF, INDEMNITY AND BREACH OF CONTRACT

1   SC0188016.  Said billings for medical services were tendered to cross defendants and each of

2   them for payment.  Cross defendants and each of them have denied said claim for benefits.

3

4          4.      That if the plaintiff was injured or damages as alleged, said injuries and damages

5   are the responsibility of cross defendants by contract.  That if cross complainant is held liable to

6   the plaintiff in the above-entitled action, said liability will be wholly the responsibility of cross

7   defendants, and each of them, and their agents and/or employees.  That by reason of the

8   foregoing facts, this cross-complainant is entitled to indemnification from cross defendants in the

9   amount that these cross-complainants become obligated to pay cross-complainant or plaintiff,

10  herein.

11

12         5.      That a controversy exists between cross-complainant and cross defendants

13  in that said cross-complainant's claim to be entitled to reimbursement and indemnification by

14  cross-defendants, and each of them, for any amount these cross-complainants are required to pay

15  out to plaintiff's complaint  herein by reason of any judgment, along with costs of defense; that

16  said cross defendants contend that this cross complainant is not so entitled to be reimbursed or

17  indemnified.

18

19         6.      That by reason of cross defendants' wrongful refusal to indemnify, cross

20  complainant is being further damaged by incurring and continuing to incur legal costs and

21  reasonable attorney's fees and costs for investigators and experts for the purpose of defending

22  this action; the exact amount of such costs, fees and expenses are uncertain at this time, and

23  cross complainant will seek leave of court to amend this cross complaint and set forth the exact

24  amounts thereof when the same have been ascertained.

25

26

27                                               3

28  **VANESSA SERRANO'S CROSS-COMPLAINT FOR DECLARATORY RELIEF, DECLARATORY
    RELIEF, INDEMNITY AND BREACH OF CONTRACT**

EXHIBIT NO. 3

PAGE NO. 21

1    7.    That a judicial declaration of the rights and duties of the parties herein is

2  necessary to resolve the dispute set forth herein, as no other adequate remedy at law exists to

3  provide a prompt and timely resolution of this dispute, and to avoid a multiplicity of litigation.

4

5        SECOND CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT

6

7    8.    Cross Complainant realleges paragraphs 1-7 of this first amended complaint as

8  though fully set forth herein at length.

9

10    9.    Cross Complainant was, at all relevant times, a third party beneficiary under the

11  policy of health insurance issued to Javier Flores.

12

13    10.    Cross Complainant is informed and believes and thereon alleges that the claim for

14  benefits arising from cross complainant's medical treatment on or about December 22, 2006 was

15  tendered in a timely fashion along with all necessary information to adjust and pay the claim.

16

17    11.    Cross Complainant is informed and believes and thereon alleges that Cross

18  Defendants and each of them failed to adjust and the pay the claim and instead unreasonably denied

19  the claim and unreasonably refused to reconsider the claim and therefore breached the contract of

20  insurance resulting in the plaintiff filing suit against cross complainant.

21

22    12.    As a direct result of the breach of contract, cross-complainant has incurred

23  consequential damages, including but not limited to attorneys fees and costs defending the plaintiff's

24  complaint.

25

26

27                                    4

28  VANESSA SERRANO'S CROSS-COMPLAINT FOR DECLARATORY RELIEF, DECLARATORY
        RELIEF, INDEMNITY AND BREACH OF CONTRACT

EXHIBIT NO. 3
PAGE NO. 27

1   WHEREFORE, this answering Cross-Complainant prays judgment against these cross

2   defendants, and each of them, as follows:

3

4   1.   For a declaration of the rights and duties of the parties herein, including the

5   obligation of the cross defendants to indemnify cross complainant for the full amount for which

6   these cross-complainant's is held liable to plaintiff, if any;

7   2.   For costs of suit herein.

8   3.   For such other and further relief as the Court may deem just and proper.

9   4.   For attorneys fees and costs incurred defending the plaintiff's complaint.

10

11

12   Dated:  1/13/09

GLASER, DAMONE & SCHROEDER

13

14   By:_____

15   Robert P. Damone, Attorneys for
Cross-Complainant VANESSA SERRANO

16

17

18

19

20

21

22

23

24

25

26

27                                              5.

28   VANESSA SERRANO'S CROSS-COMPLAINT FOR DECLARATORY RELIEF, DECLARATORY
RELIEF, INDEMNITY AND BREACH OF CONTRACT

## *PROOF OF SERVICE*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

 I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 590 West 8th Street, San Pedro, California 90731.

 On January 13, 2009, I served the foregoing document described as *Cross Complaint* on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Franklin J. Love, Esq.
125 S. Citrus Ave., Suite 101
Covina, CA 91723

 I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal service on that same day with postage thereon fully prepaid at San Pedro, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

 Executed on January 13, 2009, at San Pedro, California.

 I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Robert P. Damone

Exhibit 4

*California Business*

# SUMMONS

~~*Cross*~~ ON CROSS COMPLAINT

## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO ~~DEFENDANT~~:**defendants
**(AVISO AL DEMANDADO):**
SOUTHWEST CARPENTERS HEALTH AND WELFARE TRUST;
CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, A
California Corporation and ROES 1 to 100,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 1 6 2009

ALAN CARLSON, Clerk of the Court

BY: _____ E. VELOZ _____ ,DEPUTY

**YOU ARE BEING SUED BY** ~~PLAINTIFF~~ *Cross* : COMPLAINANT
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
VANESSA SERRANO

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* ORANGE COUNTY SUPERIOR COURT 700 CIVIC CENTER DRIVE WEST SANTA ANA, CA 92701 CENTRAL JUSTICE CENTER | CASE NUMBER: *(Número del Caso):* 30-200800114802 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert P. Damone SBN 136588                310-548-1307
Glaser Damone & Schroeder
590 W. 8th St
San Pedro, CA 90731  **ALAN CARLSON**         **ENRIQUE VELOZ**
DATE:  JAN 1 6 2009                Clerk, by _____ , Deputy
*(Fecha)*                          *(Secretario)*                *(Adjunto)*

'For proof of service of this summons, use Proof of Service of Summons (form POS-010).'
'Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).'

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Carpenters Southwest Administrative Corporation, A California Corporation
   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

*Legal Solutions Plus*

Code of Civil Procedure §§ 412.20, 465

EXHIBIT NO. ____ 4

PAGE NO. ____ 25

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is DeCARLO, CONNOR & SHANLEY, a Professional Corporation, 533 South Fremont Avenue, Ninth Floor, Los Angeles, California 90071-1706.

On February 17, 2009, I served the foregoing document described as NOTICE OF REMOVAL on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Franklin J. Love, Esq.
125 South Citrus Avenue, Suite 101
Covina, CA 90301

Robert P. Damone, Esq.
GLASER DAMONE & SCHROEDER
590 West 8th Street
San Pedro, CA 90731

[X]     (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California.

[ ]     (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]     (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 17, 2009, at Los Angeles, California.


_Patricia Beaver_
Patricia Beaver

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| a) PLAINTIFFS (Cross-Complainant) (Check box if you are representing yourself ☐) | DEFENDANTS (Cross-defendants) |
|---|---|
| .NESSA SERRANO | SOUTHWEST CARPENTERS HEALTH AND WELFARE TRUST; CARPENTERS SOUTHWEST ADMISISTRATIVE CORPORATION |

| b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| .obert P. Damone<br>.laser, Damone & Schroeder<br>90 West 8th Street<br>.an Pedro, Ca 90731 | Daniel M. Shanley/Yuliya S. Mirzoyan<br>DeCarlo, Connor & Shanley<br>533 South Fremont Avenue, 9th Floor<br>Los Angeles, CA 90071-1706<br>Tel:  213-488-4100<br>Fax:  213-488-4180 |

**BASIS OF JURISDICTION** (Place an X in one box only.)

| | | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only |
|---|---|---|

(Place an X in one box for plaintiff and one for defendant.)

| | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**ORIGIN** (Place an X in one box only.)

| 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify): | ☐ 6 Multi-District Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge |
|---|---|---|---|---|---|---|

**REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

.ASS ACTION under F.R.C.P. 23:   ☐ Yes ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

USC Section 1001 et seg. (ERISA)

**NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☒ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | REAL PROPERTY | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 440 Other Civil Rights | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 900 Appeal of Fee Determina-tion Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | | | | FEDERAL TAX SUITS |
| | ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

| I. IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes |
|---|
| .ist case number(s): |

SACV09-0192

.FFICE USE ONLY:   Case Number: _____

CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

III(b). RELATED CASES: Have any cases been previously filed that are related to the present case? [X] No [ ] Yes

yes, list case number(s): _____

ivil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply) [ ] A. Appear to arise from the same or substantially identical transactions, happenings, or events;

[ ] B. Involve the same or substantially the same parties or property;

[ ] C. Involve the same patent, trademark or copyright;

[ ] D. Call for determination of the same or substantially identical questions of law, or

[ ] E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

s Angeles, County

st the California County, or State if other than California, in which EACH named defendant resides.     (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

s Angeles, County,

st the California County, or State if other than California, in which EACH claim arose.     (Use an additional sheet if necessary)

te: In land condemnation cases, use the location of the tract of land involved.

s Angeles, County

SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date 2-17-2009

Daniel M. Shanley

otice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the
ng and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in
ptember 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue
d initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

y to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV09- 192 CJC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY